

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

BOBBY L. CONNER,

      Plaintiff,

v.                                    **CIVIL ACTION NO. 5:06-cv-00217**

ELKEM METALS COMPANY, et al.,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' motion to dismiss (Doc. No. 6). In their motion, defendants note that all of the West Virginia common-law claims plaintiff avers in his complaint are, in fact, preempted by Section 514(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 514(a). For the reasons below, having reviewed relevant case law and statutes, and the materials present in the record, the court **GRANTS** defendants' motion (Doc. No. 6).

Further, the court hereby **DIRECTS** plaintiff to either exhaust all relevant administrative remedies, or allege a legally sufficient justification for not doing so prior to filing an amended complaint in this action. Pending plaintiff's filing of an amended complaint, the Clerk is directed to place this case on the inactive docket of the court.

### A. Factual Background

In the complaint plaintiff initially filed with the Circuit Court of Fayette County, West Virginia, plaintiff states that he is a resident of Oak Hill, West Virginia. (See Complaint, Doc. No. 1-2 ¶ 1.) Plaintiff indicates that he formerly was employed by Elkem Metals Corporation ("Elkem"), and that Elkem had a retirement program for employees such as himself, which was administered

by SEI Participant Service Center.  (Id. ¶¶ 2-4.)  Plaintiff avers that, at the time he retired from

Elkem, he had completed almost thirty-two years of service for the corporation.  (Id. ¶ 7.)

In his complaint, plaintiff alleges that he postponed applying for retirement benefits for four

years because of a misrepresentation by an employee of one of the defendants as to the amount of

monthly payment to which he would have been entitled in 2000.  (See id. ¶¶ 8-9.)  Plaintiff demands

judgment in the amount of retirement benefits to which he would have been entitled had he not been

induced to delay his request for benefits by this misrepresentation.  (Id. ¶¶ 14-16.)

The complaint alleges three causes of action arising under West Virginia law, characterized

by the defendants as misrepresentation, breach of contract, and detrimental reliance.  (See generally

id.)  Defendants have moved to dismiss, arguing that these claims are preempted by Section 514(a)

of ERISA, and requested that plaintiff's ability to file an amended complaint be conditioned on his

allegation of exhaustion of the plan claim and appeals procedure.  (See Doc. No. 7 at 2.)

### B. Standard of Review

Defendants have moved for dismissal under Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  To succeed on a motion to dismiss under Rule 12(b)(6), defendants must demonstrate

that plaintiffs' claims are "so insubstantial, implausible, foreclosed by prior decisions of the

[Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."

Steel Company v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998).  Defendants allege that

dismissal is appropriate because "[p]laintiffs can prove no set[] of facts that would support their

claims." (Doc. No. 10 at 4) (citing Flood v. New Hanover County, 125 F.3d 249, 257 (4th Cir. 1987).

A Rule 12(b)(6) motion tests the sufficiency of the pleading.  It does not resolve factual

disputes, "the merits of a claim, or the applicability of defenses."  Republican Party of North

Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citations omitted). In considering the motion, the claims must be viewed in the light most favorable to the non-moving party and all allegations in the complaint accepted as true. Id. Dismissal is appropriate only when it appears beyond a doubt that no set of facts would entitle the pleader to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### C. Analysis

#### (1)     Plaintiff's Allegations and ERISA Preemption.

At first blush, plaintiff's claims appear to be preempted by ERISA. ERISA casts a broad shadow in terms of the state-law claims it preempts. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47 (1987). Cases which "relate to" an employee benefit plan fall under ERISA's expansive preemption clause. See id. (discussing, among other cases, Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983)).

Here, plaintiff bases his claims for relief on actions related to a "retirement pension" provided by his former employer. (See Compl. ¶ 8.) Such a "retirement pension" appears to be an "employee benefit plan" covered by ERISA. See 29 U.S.C. § 1002(2)(A)91) (defining "employee pension benefit plan" as meaning any plan established or maintained by an employer to the extent that it "provides retirement income to employees.").

That plaintiff alleged his claims as common-law causes of action is not dispositive. Because plaintiff's claims relate to retirement income under an ERISA pension plan, they are preempted by ERISA. See Griggs v. E.I. DuPont de Nemours & Co., 237 F.3d 371, 378 (4th Cir. 2001) ("ERISA preemption is commonly understood to apply to state common law claims that an ERISA fiduciary misrepresented the nature or availability of retirement benefits, or failed to provide enough information to permit the retiring beneficiary to make an intelligent decision."). Courts are not to

-3-

look to the name of the claim avers, but instead the facts of what happened leading to the claim. See id. at 379 (discussing Boston Children's Heart Found., Inc. v. Nadal-Ginard, 73 F.3d 429, 439-40 (1st Cir. 1996)). Because all of the claims plaintiff alleges turn on benefits that he allegedly should have received under this pension plan, they are by definition preempted by Section 514(a) of ERISA.

### (2) Exhaustion Prior to Submission of an Amended Complaint.

Defendants' second request is for the court to require plaintiff to either allege that he has exhausted all relevant administrative remedies, or a legally sufficient justification for not doing so, prior to submitting an amended complaint. For the reasons below, defendants' request is appropriate. Plaintiff is directed to either allege that he has exhausted all relevant administrative remedies, or a legally sufficient justification for not doing so, before submitting his amended complaint.

A participant seeking benefits under an ERISA benefit plan is required, as a precondition to suit under Section 502(a)(1)(B) of ERISA, to first exhaust the administrative remedies provided under the plan. See, e.g., Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 227 (4th Cir. 2005). Although plaintiff incorrectly asserted that his claim accrued under state law, plaintiff can cure the defects present in his complaint by amending his cause of action. See Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 194-95 (4th Cir. 2002).

However, in doing so, plaintiff must comply with ERISA-specific pleading requirements such as administrative exhaustion. Here, plaintiff has not alleged that he pursued any internal claim procedures as required under ERISA. Should plaintiff choose to amend his complaint to comply with ERISA, he must allege either that he has exhausted all relevant administrative remedies, or that he is in possession of a legally sufficient justification for not doing so.

-4-

## D. Conclusion

Defendants' motion to dismiss (Doc. No. 6) is hereby granted.  Additionally, plaintiff's ability to file an amended complaint in this action is conditioned on plaintiff's allegation of exhaustion of the plan's claim and appeals procedure, or a legally sufficient justification for not doing so.

Pending plaintiff's amending of his complaint, the Clerk is directed to place this case on the inactive docket of the court.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 9th day of May, 2006.

ENTER:        May 9, 2006

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE