IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BOBBY L. CONNER,

          Plaintiff,

v.                                CIVIL ACTION NO. 5:06-cv-00217

ELKEM METALS COMPANY and
SEI PARTICIPANT SERVICE CENTER,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion for Summary Judgment [Docket 33]. This case was originally filed in the Circuit Court of Fayette County alleging common-law causes of action for misrepresentation, breach of contract, and detrimental reliance [Docket 1]. It was removed to this Court on March 24, 2006. On May 9, 2006, the Court granted Defendants' Motion to Dismiss [Docket 6] because Plaintiff's claims were preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 514(a). (Docket 17.) The Court then directed Plaintiff, before filing an amended complaint, to allege exhaustion of his administrative remedies or a legally sufficient justification for failing to do so. (*Id.*) Plaintiff filed a Motion for Reinstatement [Docket 19] on April 30, 2007, which the Court granted on November 19, 2007. (Docket 20.) Plaintiff filed his Amended Complaint [Docket 21] on December 20, 2007, alleging the same causes of action and alleging that he exhausted his administrative remedies.

In the instant motion, Defendants contend that, despite Plaintiff's allegation that he exhausted his administrative remedies, he has failed to "invoke any of the remedial schemes afforded . . . by Section 502 (a) of ERISA." (Docket 34 at 6.) Accordingly, Defendants seek summary judgment on Plaintiff's common-law claims because, in accordance with this Court's previous ruling, those claims are still preempted by ERISA.[1]

## I. FACTUAL BACKGROUND

The material facts are not in dispute. Plaintiff is a retired employee of Defendant Elkem Metals Company (Elkem), located in Alloy, Fayette County, West Virginia. As a part of its employee benefit package, Elkem runs a retirement program for its hourly employees. The program is administered by Defendant SEI Participant Service Center (SEI), located in Philadelphia, Pennsylvania.

On September 9, 2000, Plaintiff retired from his job at Elkem. At that time, Plaintiff was fifty years old and had worked at Elkem for thirty-one years and eight months. Plaintiff then inquired at the Benefits Department of either Elkem or SEI regarding his potential retirement benefit payment. An employee at the Benefits Department responded that his retirement pension would pay him $300 per month, but if he waited four years until he qualified for the Rule of 85,[2] his pension

---

[1] Plaintiff also filed a Motion to Amend Complaint [Docket 29], which was not opposed. The Court granted that motion, (Docket 40), and Plaintiff filed a Second Amended Complaint [Docket 41], which includes a claim for breach of fiduciary duty pursuant to ERISA Section 502(a)(3). Although Defendants make note of that claim in a footnote, the Second Amended Complaint was not filed until after briefing on the instant summary judgment motion was complete. Accordingly, the Court will not address the validity of that claim.

[2] The Rule of 85 states that if the sum of the employee's age and the number of years of participation in the plan is 85 or greater, reductions for early retirement may not apply. *See, e.g.*, Concordia Plan Services—Rule of 85, http://www.concordiaplans.org/DetailPage.aspx?ID=290.

would be much greater. Based on these representations, Plaintiff did not apply for benefits until he reached the age of fifty-four. He later learned, however, that he was actually entitled to approximately $917 in monthly benefits at the time he retired, and that the employee in the Benefits Department had misrepresented the amount when he originally had inquired.

In accordance with this Court's Order [Docket 17] dismissing the case, Plaintiff filed an administrative claim with Elkem and SEI on May 29, 2006. In December 2006, Plaintiff received an adverse ruling which he sought to appeal on January 5, 2007. That appeal was still pending at the time Plaintiff filed his Amended Complaint on December 7, 2007. Plaintiff alleges that further prosecution of the appeal is futile.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where the pleadings, depositions, and affidavits in the record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## III. APPLICABLE LAW

The "law of the case" doctrine holds that "where there is an unreversed decision of a question of law or fact during the course of litigation, such decision settles that question for all subsequent stages of the suit." *West Virginia v. Moore*, 897 F. Supp. 276, 279 (S.D. W. Va. 1995)

(Williams, J.) (citing *Wilson v. Oh. River Co.*, 236 F. Supp. 96, 98 (S.D. W. Va.1964) (Christie, J.) (quotation marks omitted).  Unlike res judicata, the "law of the case" doctrine "only directs discretion while res judicata compels judgment." *Wilson*, 236 F. Supp. at 98 (citing *S. Ry. Co. v. Clift*, 260 U.S. 316 (1922)).  "In short, 'law of the case' only operates in the particular case and only as a rule of policy and not as one of law." *Id.*

The "broad sweep of [ERISA's] pre-emption clause" is widely recognized. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).  The clause "is not limited to 'state laws specifically designed to affect employee benefit plans,'" but also extends to common-law causes of action that "'relate to' an employee benefit plan." *Id.* at 47-48 (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98 (1983)).  "Generally speaking, ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan." *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir. 2001) (finding that plaintiff's state-law negligent misrepresentation claim was preempted); *see also Muse v. Int'l Bus. Machs. Corp.*, 103 F.3d 490, 493 (6th Cir. 1996) (same); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 700 (1st Cir. 1994) (same); *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 756-57 (5th Cir. 1990) (same).

ERISA's preemption provisions were intended to "eliminat[e] the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Shaw*, 463 U.S. at 99 (quoting 120 Cong. Rec. 29933 (1974)).  Indeed, the "crowning achievement" of ERISA was the "reservation to Federal authority [of] the sole power to regulate the field of employee benefit plans." *Pilot Life*, 481 U.S. at 46 (quoting 120 Cong. Rec. 29197 (1974)) (quotation marks omitted).

## IV. ANALYSIS

### A. *Law of the Case*

Defendants first contend that they are entitled to a judgment as a matter of law on Plaintiff's common-law claims based on the "law of the case" doctrine because the Court previously found that those claims were preempted by ERISA. Plaintiff fails to address this argument in his responsive brief, instead choosing to argue that preemption should not apply to the case at bar and relying on his Amended Complaint to carry the day. Although it is true that in the Amended Complaint Plaintiff alleged that he exhausted his administrative remedies, he still relies on the same common-law causes of action that the Court previously found to be preempted. (Docket 17 at 4 ("Because all of the claims plaintiff alleges turn on benefits that he allegedly should have received under this pension plan, they are by definition preempted by Section 514(a) of ERISA.").)

The Court noted in its previous Memorandum Opinion and Order that Plaintiff "[could] cure the defects present in his complaint by amending his cause of action." (*Id.*) Presumably in response to that language, Plaintiff filed an administrative claim with Elkem and SEI, received an adverse ruling, moved for reinstatement, and submitted an Amended Complaint reflecting that filing. Exhausting administrative remedies alone, however, is not sufficient to give rise to a valid cause of action under ERISA. As the Court previously stated, Plaintiff "must comply with ERISA-specific pleading requirements *such as* administrative exhaustion." (*Id.* (emphasis added).) Thus, to proceed with a valid ERISA claim, Plaintiff is required to exhaust his administrative remedies *and then* file suit alleging a valid cause of action under ERISA. Plaintiff's Amended Complaint, however, merely re-alleges the same common-law causes of action the Court found to be preempted and tacks on an

allegation that Plaintiff's administrative remedies have been exhausted.[3] Thus, Plaintiff has failed to satisfy the requirement that he state a valid cause of action under ERISA, and the "law of the case" doctrine instructs the Court to find again that Plaintiff's claims of misrepresentation, breach of contract, and detrimental reliance are preempted.

### B. *Nexus Between State Law Claims and the Plan*

Plaintiff argues that preemption should not apply in this case because "[t]he state law tort action claim doesn't have any direct affect [sic] on how the pension plan is administered, and therefore, preemption should not be applied in this case." (Docket 38 at 5.) He argues that the connection in this case does not rise above the level of the "tenuous, remote or peripheral connection between state law and ERISA" necessary to give rise to preemption. (*Id.*)

The law of the case aside, Plaintiff still fails on this theory. Although a state law must "relate[] to an employee benefit plan," it does so "if it has a connection with or reference to such a plan." *Griggs*, 237 F.3d at 378 (internal quotation marks omitted). Specifically, preemption exists "when a cause of action under state law is 'premised on' the existence of an employee benefit plan so that 'in order to prevail, a plaintiff must plead, and the court must find, that an ERISA plan exists.'" *Id.* (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990)). For example, "ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan." *Griggs*, 237 F.3d at 378.

---

[3] Plaintiff's Second Amended Complaint [Docket 41] contains an allegation of breach of fiduciary duty under Section 502(a)(3) of ERISA. That claim is not addressed here.

Here, Plaintiff's entire case depends on the existence of the pension plan regarding which Defendants' employee made the alleged misrepresentations. Accordingly, this case is precisely the type to which preemption was intended to apply, and the mere fact that the existence of the pension plan is at issue provides a sufficient nexus to give rise to preemption.

*C.    Policy*

Finally, Plaintiff avers that the policy behind preemption counsels against a finding of preemption in this case.[4] Plaintiff baldly asserts that "one must conclude that the rationale of preemption is designed to protect the employee participants in the Plan." (Docket 38 at 4.) According to Plaintiff, the danger in allowing state causes of action to go forward lies in the possibility that those cases may result in heavy losses to the plan, thus leaving insufficient funding for other beneficiaries.[5] Thus, Plaintiff concludes, a suit against the employer, such as this one, does not present any danger to the long-term financial stability of the Plan.

Although such a danger may be plausible, it does not inform Congress's stated basis for preemption: the "eliminat[ion of] the threat of conflicting or inconsistent State and local regulation of employee benefit plans." *Shaw*, 463 U.S. at 99 (quoting 120 Cong. Rec. 29933 (1974)). Congress's stated intent aside, Plaintiff fails to note the great number of ERISA cases brought against the employer itself, rather than the plan. *See, e.g.*, *Griggs*, 237 F.3d 371; *Ramsey v. Formica Corp.*, 398 F.3d 421 (6th Cir. 2005). In *Ramsey*, the United States Court of Appeals for the Sixth

---

[4] Again, the Court will address Plaintiff's argument regardless of the applicability of the "law of the case" doctrine.

[5] Even if Plaintiff was right about the policy, he misapprehends its impact. A multiplicity of such state-law cases could be just as ruinous to a plan's viability as a single claim brought in federal court.

Circuit expressly foreclosed the argument that preemption should not apply when a plaintiff seeks damages from the employer rather than the plan. 398 F.3d at 424-25. Rather, the Sixth Circuit held that state-law claims brought against the employer were barred because those claims were necessarily "related to" the employer's pension plan, thus triggering preemption. *Id.*

Here, as in *Griggs* and *Ramsey*, the fact that the suit is brought against the employer does not counsel against preemption. Likewise, in enacting ERISA's preemption clause, Congress expressly intended to avoid "the threat of conflicting or inconsistent State and local regulation," *Shaw*, 463 U.S. at 99 (quoting 120 Cong. Rec. 29933 (1974)), not the threat of multiple lawsuits depleting the plan's resources. An examination of this Congressional intent and the holdings of the Fourth and Sixth Circuits in *Griggs* and *Ramey* counsel in favor of preemption. In contrast, Plaintiff's policy argument lacks a basis in fact and in law and accordingly must fail.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment [Docket 33] is **GRANTED**. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 4, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE